UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL J. SMOLEN, JR., | |
| Plaintiff, | **ORDER OF SERVICE** |
| -against- | 16-CV-02417 (PMH) |
| C.O. M. WESLEY, et al., | |
| Defendants. | |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Wende Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and state law, alleging that Defendants violated his rights while he was incarcerated at Green Haven Correctional Facility. By order dated April 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Doc. 4). On July 15, 2021, I ordered that counsel for the represented Defendants provide the most recent available addresses for Defendants Hobson and Empire State Ambulance. (Doc. 133). By letter dated July 19, 2021, counsel for the represented Defendants provided addresses for Defendants Hobson and Empire State Ambulance. (Docs. 134).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 60 days of the date the complaint is filed, Plaintiff is proceeding IFP and, as to Defendants Hobson and Empire State Ambulance, Plaintiff claims that

the Amended Complaint was unable to be served on them at the previously provided addresses. The Court therefore extends the time to serve these two Defendants with Plaintiff's Amended Complaint until 60 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

The Clerk of Court is instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to deliver to the U.S. Marshals Service all documents necessary to effect service on Defendants Hobson and Empire State Ambulance.

**SO ORDERED:**

Dated:    White Plains, New York
          July 20, 2021

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.     Donald Hobson
       Marcy Correctional Facility
       9000 Old River Rd.
       Marcy, NY 13403

2.     Empire State Ambulance
       10 South White St.
       Poughkeepsie, NY 12601