UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL J. SMOLEN, JR.,

                Plaintiff,

-against-

C.O. M. WESLEY, et al.,

                Defendants.

**ORDER**

16-CV-02417 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court held an in-person conference on July 25, 2022. Counsel for all parties appeared.

As explained more fully on the record during the appearance, the Court directs as follows:

1. With respect to Plaintiff's motions *in limine* (Doc. 173; Doc. 174; Doc. 182):

    a. The motion to preclude Plaintiff's criminal history is, based upon the parties' agreement, **denied as moot**. In accordance with the parties' agreement, information given to the jury will be limited to the fact that Plaintiff was previously convicted of a felony and sentenced to a term of more than one year in prison. No other information will be permitted.

    b. The motion to preclude testimony from Edward Burnett is **denied**. Mr. Burnett may testify as a fact witness, only.

    c. The motion to preclude evidence concerning Plaintiff's disciplinary history is **denied without prejudice to renew** in context during trial.

    d. The motion to preclude evidence concerning Plaintiff's litigation history is **denied without prejudice to renew** in context during trial.

2. As for Defendants' motions *in limine* (Doc. 175; Doc. 176; Doc. 177; Doc. 181):

    a. The motion to admit Plaintiff's criminal history is, based upon the parties' agreement, **denied as moot** (see *supra* 1(a)).

    b. The motion to preclude evidence concerning Plaintiff's permanent vision and hearing loss is, given Plaintiff's representations, **denied as moot**. Plaintiff may testify as to the natural and obvious injuries resulting from the incidents along with garden variety emotional damages.

    c. The motion to preclude certain documents is **denied without prejudice to renew** in context during trial.

    d. The motion to preclude evidence concerning Defendants' litigation history is **denied without prejudice to renew** in context during trial.

3. Defendants, in the interest of efficiency and as stated on their record, waive any objection under Federal Rules of Evidence 801 and 802 as to documents they produced.

4. The parties shall meet and confer regarding the Court's directives and instructions regarding changes to the Amended Proposed Joint Pretrial Order (Doc. 189) and file, by **August 5, 2022**, a Second Amended Proposed Joint Pretrial Order.

5. The following questions in the parties' Proposed *Voir Dire* (Doc. 172) are **denied**: I(2); II(7); III(1), (4)-(5), (12); VI(3), (5); VI(A)(2), (B)(2)-(3), (C)(2). The remaining questions are **granted** or **granted in substance**.

6. The parties shall review the Proposed *Voir Dire* Form provided by the Court during the conference and file, **by 5:00 p.m. on July 29, 2022**, a joint letter informing the Court as to any objections.

7. Binders and flashdrives containing exhibits shall be produced to the Court by **October 3, 2022**.

8. The Final Pretrial Conference shall proceed at 11:00 a.m. in person, in Courtroom 520 of the White Plains Courthouse, on October 11, 2022.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 173 and Doc. 175.

                              **SO ORDERED:**

Dated: White Plains, New York
          July 25, 2022

                              PHILIP M. HALPERN
                              United States District Judge